UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ELIZABETH RAZMINAS, | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:24-CV-4568 |
| | § | |
| HOUSTON METHODIST HOSPITAL, ET AL., | § | |
| *Defendants*. | § | |

## MEMORANDUM AND RECOMMENDATION

Before the Court are Defendants' Motion to Dismiss (ECF 3) and Plaintiff's Motion to Remand (ECF 9).[1] Having considered the parties' submissions and the law, the Court recommends denying Plaintiff's Motion to Remand, granting Defendant's Motion to Dismiss in part, and remanding this case back to state court after declining to exercise supplemental jurisdiction over Plaintiff's health care liability claim.

**I.     Background**

Plaintiff's claims arise out of a trip the emergency room on August 14, 2022. Plaintiff initiated this action more than 2 years later by filing an Original Petition in state court on October 24, 2024.  ECF 1-1.  Plaintiff alleges that despite complaining to emergency room staff of hip pain and lumbar spine pain she did not receive proper

---

[1] The District Judge referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72.  ECF 8.

medical screening or treatment and was told by a nurse: "We do not take cases like you here." *Id.* ¶ 11 Plaintiff alleges that the acts and omissions of defendants on August 14, 2022 caused her injury, including pain, mental anguish and medical expenses. *Id.* ¶ 19. Without labeling her causes of action, the Original Petition states "[t]his is a 'health care liability claim' as defined in Tex. Civ. Prac. & Rem. Code § 74.001(a)(13) (West 2007)." *Id.* ¶ 22. The Original Petition is also replete with allegations that Defendants violated the Emergency Medical Treatment and Active Labor Act (EMTALA) and the Americans with Disabilities Act (ADA). *See, e.g.*, *Id.* ¶¶ 11-13, 15-18, 20. It also asserts that Defendants violated 42 C.F.R. § 482.13 and HIPAA. *Id.* ¶ 11. Defendants removed the case to federal court on the basis of federal question subject matter jurisdiction.[2] ECF 1. The instant motions followed.

## II. Legal Standards

### A. Removal and Remand

A defendant may remove a case from state court to federal court if the federal court has jurisdiction. 28 U.S.C. § 1441(a). Federal jurisdiction is limited. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001) (citations omitted). The party invoking this Court's removal jurisdiction bears the burden of establishing the existence of federal jurisdiction. *See Manguno v. Prudential Prop. & Cas. Ins. Co.*,

---

[2] At the time of removal, named Defendant Dr. Yen-Te Christian Tu had not been served and did not join in the removal. To date, Dr. Tu has not appeared in this case.

276 F.3d 720, 723 (5th Cir. 2002) (citations omitted). Any doubt regarding the propriety of removal should be construed strictly in favor of remand. *Id.*

A federal court has subject matter jurisdiction over cases "arising under" the Constitution, laws, or treaties of the United States, and over cases where diversity of citizenship exists between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. §§ 1331, 1332. Courts determining whether jurisdiction exists follow the "well-pleaded" complaint rule, which means that the determination must be based on the allegations in the plaintiff's complaint and not on any issue the defendant may raise. *Royal Canin U. S. A., Inc. v. Wullschleger*, 604 U.S. 22, 26 (2025).

A federal court with original jurisdiction over federal claims also maintains "supplemental jurisdiction over all other claims that are so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a); *Royal Canin U. S. A.*, 604 U.S. at 27 (stating "federal court may exercise supplemental jurisdiction over the state claim so long as it 'derive[s] from' the same 'nucleus of operative fact' as the federal one (citation omitted)). The exercise of supplemental jurisdiction is in some situations discretionary and 28 U.S.C. § 1367(c) sets out circumstances under which a federal court may decline to hear a state claim within its supplemental jurisdiction. *Royal Canin U. S. A.*, 604 U.S. at 27. One of

3

these circumstances is when the district court has dismissed all federal claims. 28 U.S.C. § 1367(c)(3).

### B. Rule 12(b)(6)

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the conduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), this Court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Alexander v. AmeriPro Funding, Inc.*, 848 F.3d 698, 701 (5th Cir. 2017) (citing *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). However, the court does not apply the same presumption to conclusory statements or legal conclusions. *Iqbal*, 556 U.S. at 678-79.

Generally, the court may consider only the allegations in the complaint and any attachments thereto in ruling on a Rule 12(b)(6) motion. If a motion to dismiss refers to matters outside the pleading it is more properly considered as a motion for summary judgment. *See* FED. R. CIV. P. 12(d).

### III. Analysis

#### A. Plaintiff's Motion to Remand

In her Motion to Remand, Plaintiff denies having asserted any federal claim in her Original Petition. *See generally* ECF 9. According to Plaintiff, "[this is a medical malpractice case that has been instituted against a hospital, two nurses, and a physician, pursuant to the provisions of Chapter 74 of the Tex. Civ. Prac. & Rem. Code—the Texas Statute that exclusively governs and controls instances where negligence claims may be brought against healthcare providers in the State of Texas." *Id.* at 2. According to Plaintiff, "the mere fact that the standard of care to be followed by the Methodist Defendants includes compliance with some federal statutes, or that the alleged breaches of the standard of care/negligence on the part of the Methodist Defendants included an alleged violation of one or more federal statutes, does not confer subject matter jurisdiction based on alleged "federal question . . .." *Id.* at 7.

Plaintiff could have pled her case in state court as she now frames it in her Motion to Remand, but she did not. The Original Petition, on its face, asserts federal causes of action under EMTALA and ADA, as well as HIPPA and 42 C.F.R. § 482.13. It also asserts a claim under Chapter 74 of the Texas Civil Practice and Remedies Code. However, the Original Petition does not make clear, or even imply, that the federal claims only provide the applicable standard of care under Texas law

5

and do not represent independent claims. That the federal claims are without merit, as explained below, does not preclude federal subject matter jurisdiction or removal.

In addition, Plaintiff could have filed or moved to file an Amended Complaint after removal or in response to Defendants' Motion to Dismiss, under Federal Rule of Civil Procedure 15(a). Had she done so, and voluntarily dismissed her federal claims, this court would have lost supplemental jurisdiction over her state claims and remand would be required. *Royal Canin U. S. A.*, 604 U.S. at 30. But again, Plaintiff did not do so. As the case stands, Plaintiff has pleaded federal causes of action which give rise to federal question jurisdiction. Defendants properly removed her case to federal court. Plaintiff's Motion to Remand should be denied.

### B. Defendants' Motion to Dismiss Federal Claims

Defendants move for dismissal of all of Plaintiff's federal claims, arguing that: (1) her EMTALA and ADA claims are time-barred; (2) Neither 42 U.S.C. § 482.13 nor HIPAA creates a private cause of action; and (3) the EMTALA does not create liability for individual defendants. ECF 3.

The incident giving rise to this case occurred on August 14, 2022. Plaintiff filed her Original Complaint on October 24, 2024. The statute of limitations under both the EMTALA and the ADA is two years. 42 U.S.C. § 1395dd; *Frame v. City of Arlington*, 65 F.3d 215, 237 (5th Cir. 2011). Plaintiff acknowledges that claims under the EMTALA and ADA are time-barred. ECF 7 at 3 (stating EMTALA and

6

ADA "claims must be brought within two years of the date of the alleged violation of the federal statute, or are otherwise barred."). Therefore, Plaintiff's EMTALA and ADA claims must be dismissed with prejudice. The Court need not address Defendants' argument that EMTALA creates no cause of action against individual defendants.

Plaintiff also admits that under 42 U.S.C. § 482.13 no private cause of action exists for a violation of Medicare Conditions of Participation. ECF 7 at 9. Plaintiff likewise acknowledges that HIPAA "is not an independent federal cause of action." However, Plaintiff contends these causes of action cannot be dismissed because "it is impossible to dismiss a cause of action that does not exist." *Id.* at 9, 10. Contrary to Plaintiff's belief, courts routinely dismiss causes of action precisely because they fail to state claim. Plaintiff's claims for violations of § 482.13 and HIPAA should be dismissed with prejudice.

### C. Defendant's Motion to Dismiss Texas Health Care Liability Claims

Defendants move to dismiss Plaintiff's Texas Health Care Liability Claim for failure to plead sufficient facts or, in the alternative, move for a more definite statement. *Id.* at 8. However, since all federal claims should be dismissed, the Court should also decline to exercise supplemental jurisdiction over Plaintiff's purely state law Texas Health Care Liability claims.

A federal court may decline to exercise supplemental jurisdiction if all claims over which it has original jurisdiction have been dismissed. 28 U.S.C. § 1367(c)(3). In a removed case, the Court has broad discretion to either exercise supplemental jurisdiction or remand the case to state court. *Brookshire Bros. Holding v. Dayco Prod., Inc.*, 554 F.3d 595, 602 (5th Cir. 2009); *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988). In deciding whether to exercise or decline supplemental jurisdiction, courts consider factors such as judicial economy, convenience, fairness, and comity. *Id.* According to Fifth Circuit precedent:

> [t]he general rule is that a court should decline to exercise jurisdiction over remaining state-law claims when all federal-law claims are eliminated before trial, but this rule is neither mandatory nor absolute; no single factor is dispositive, . . ..

*Brookshire Bros.*, 554 F.3d at 602 (citing *Batiste v. Island Records Inc.*, 179 F.3d 217, 227 (5th Cir.1999)). Plaintiff's claim is a matter of Texas statutory law. The State of Texas has an interest in enforcing its statutes. This Court has not invested any resources in this case beyond ruling on the instant motions. No party will be prejudiced by remand. Here, all factors weigh in favor of remand.

### IV. Conclusion and Recommendation

For the reasons stated above, the Court recommends that Plaintiff's Motion to Remand be denied, Defendants' Motion to Dismiss be granted in part, and Plaintiff's state law claims be remanded to the 189th Judicial District from which this case was removed.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(C). Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on March 25, 2025, at Houston, Texas.

*[signature]*
Christina A. Bryan
United States Magistrate Judge